STATE OF IDAHO ex rel. Cecil D. ANDRUS, Governor, et al., Plaintiffs,

v.

James CLICK, Sr., Eugene B. Weiss and Orral Lake, Individually and as a mining partnership, Defendants.

Civ. No. 1–70–83.

United States District Court, D. Idaho.

May 26, 1977.

---

**840**

Wayne L. Kidwell, Atty. Gen., State of Idaho, Peter E. Heiser, Jr., Chief Deputy Atty. Gen., Boise, Idaho, for plaintiffs.

Barry Marcus, Marcus & Marcus, Boise, Idaho, for defendants.

## MEMORANDUM ORDER

Before KILKENNY and ANDERSON, Circuit Judges, and McNICHOLS, District Judge.

The Court is called upon to determine whether or not the Defendants may relitigate their federal claims in this Court following a submission, trial, and decision of the same issues presented to a State Court.

It will be remembered that this Court heretofore dismissed the Complaint of the Plaintiffs on jurisdictional grounds. At the same time we held that the Counterclaim presented adequate independent grounds to stand on its own jurisdictional base. However, an Order of Abstention was entered pending the outcome of State Court litigation between the same parties wherein the identical issues appeared to be raised.

The State Court proceeded to decide all of the constitutional claims presented by the Counterclaim before us. The highest Court of the State has held adversely to the Defendants in this case, and they now seek to have the federal constitutional claims of the Counterclaim relitigated in this Court.

Defendants were offered an opportunity, through the vehicle of a Show Cause procedure, to show cause why the Counterclaim should not be dismissed under the teaching of *England v. Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). It is implicit from the response to the Order to Show Cause that Defendants, upon being faced with the Abstention Order of this Court, chose to fully present and litigate all of their federal constitutional claims in the State Court. Likewise, it is clear that no attempt was made to preserve the right to return to this Court in compliance with the rule established in *England*.

We hold therefore that Defendants freely and without reservation submitted their federal claims for decision by the State Court, and litigated them and had them decided in that Court. Defendants, as a matter of law, thus elected to forego the right to return to this Court to litigate these same federal claims. They are bound by that election and have not preserved the right, and consequently have no right, to relitigate the claims here.

It follows that the Counterclaim should be dismissed under the authority of the rule formulated in *England* to control this precise situation.